# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN FITORIA ALBARADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC HOLDER, et al.,<br><br>　　　　Respondents. | 1:11-cv-00125-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 3) |

　　　　Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition alleges that Petitioner's continued detention violates his substantive and procedural due process rights under the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority. (Doc. 1, p. 3). Petitioner has also filed a motion for appointment of counsel. (Doc. 3). On January 24, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). On January 28, 2011, Respondent also filed his written consent to the Magistrate Judge's jurisdiction. (Doc. 7).

**FACTUAL SUMMARY**

Petitioner is a native and citizen of Nicaragua and is currently being detained at the Lerdo Pre-trial Detention Facility in Bakersfield, California. (Doc. 1, p. 5). On September 15, 2010, an Immigration Judge ordered Petitioner removed from the United States. (Doc. 1, p. 5). Petitioner did not appeal that decision and is now subject to a final order of removal. (Id., p. 2; p. 5). Petitioner entered ICE custody on September 15, 2010, and has been detained continuously by ICE since that date. (Doc. 1, p. 4).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.[1] However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

A. <u>Petition for Writ of Habeas Corpus</u>.

In the instant case, Petitioner alleges that his mandatory and indefinite detention by ICE is in violation of the Fifth Amendment of the U.S. Constitution and in violation of Respondent's

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

statutory authority.  (Doc. 1, p. 4).  Petitioner also alleges that he has received "no indication that the Petitioner's country will acquiesce to repatriation in the reasonably foreseeable future." (Id.). Thus, Petitioner reasons, Respondent is unable to effectuate Petitioner's removal in the reasonably foreseeable future; hence, he is entitled to supervised release from detention. (Id.).

This issue was addressed by the United States Supreme Court in Zadvydas v. Davis, 121 S.Ct. 2491 (2001).  In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority.[2]  Id. at 2491.  In addition, the Court held that the Immigration and Nationality Act's ("INA") post-removal-period detention statute does not permit indefinite detention, but instead "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 2498.  When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 2504.  In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," ICE's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration."[3] Id.

The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 2505 (italics added). The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

---

[2] The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal.  See Zadvydas, 121 S.Ct. at 2504.

[3] The Ninth Circuit's decision in Ma v. Reno, 208 F.3d 815, 818 (9th Cir. 2000), cert. granted, 121 S.Ct. 297, consolidated with Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), cert. granted, 2000 WL 38879, was vacated by the U.S. Supreme Court as resting solely on the "'absence' of an 'extant or pending' repatriation agreement without giving due weight to the likelihood of successful future negotiations." Zadvydas v. Davis,121 S.Ct. 2491 (2001).

After six months, and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. See Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has been in continuous ICE custody following a final order of removal since September 15, 2010, to date a period of four and one-half months. Therefore, Petitioner's current detention is still well within the six month "presumptively reasonable period of detention" under Zadvydas. See id.

Petitioner has alleged that he has "received no indication that [Nicaragua] will acquiesce to repatriation in the reasonably foreseeable future," and that "[a]s a result of that country's recalcitrance," ICE has "been unable to obtain travel documents" for Petitioner that would effectuate his removal. (Doc. 1, p. 4). Petitioner unsubstantiated allegations alone, however, are insufficient to overcome the presumption of reasonableness of the six-month period, and therefore his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

B. Motion for Appointment of Counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A, authorizes the appointment of counsel at any stage of the case "if the

interests of justice so require." <u>See</u> Rule 8(c), Rules Governing Section 2254 Cases. The dismissal of the instant petition for lack of ripeness obviates Petitioner's need for counsel at this time. Accordingly, Petitioner's motion for appointment of counsel is denied as moot. (Doc. 3).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is HEREBY DISMISSED WITHOUT PREJUDICE as the claims raised are not ripe for federal review; and

2. Petitioner's motion for appointment of counsel (Doc. 3) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **February 2, 2011**                    **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE